UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARVIN LAWSON AND<br>LILLIAN MEYERS | CIVIL ACTION |
| VERSUS | NO. 06-11171 |
| PARISH OF ST. TAMMANY,<br>ET AL | SECTION: "C" (2) |

### ORDER AND REASONS

Before the Court are: (1) a Motion to Dismiss Pursuant to Rules 12(b)(1) and (6) and Motion to Enforce Prior Judgments filed by defendant, Neil C. Hall, III ("Hall") (Rec. Doc. 39); (2) a Motion to Dismiss Pursuant to Rules 12(b)(1) and (6) and Motion to Enforce Prior Judgments filed by defendants, St. Tammany Parish, incorrectly named as St. Tammany Parish Public Works ("St. Tammany"), Marty Gould ("Gould"), Kevin Davis ("Davis"), Kim Slater ("Slater"), Mr. Yates ("Yates"), Bernard Penn and Zackery Penn (Rec. Doc. 41); and, (3) a Motion for Summary Judgment filed by defendant, Kim Tonagel ("Tonagel") (Rec. Doc. 53).  The plaintiffs, Marvin Lawson ("Lawson") and Lillian Meyers ("Meyers") oppose the motions.  The motions are before the Court on the briefs, without oral argument.  Having considered the memoranda of counsel, the

record and the applicable law, the Court finds that: (1) Hall's Motion to Dismiss is **PARTIALLY GRANTED AND PARTIALLY DENIED**; (2) the Motion to Dismiss filed by St. Tammany, Gould, Davis, Slater, Yates, Bernard Penn and Zackery Penn is **PARTIALLY GRANTED AND PARTIALLY DENIED**; and (3) Tonagel's Motion for Summary Judgment is **GRANTED**.

### BACKGROUND

The plaintiffs brought this suit under 42 U.S.C. §§ 1983 and 1988 for violations of the Fifth Amendment as applied to the defendants through Fourteenth Amendment. Their complaint alleges that the defendants have engaged in a pattern and practice of depriving them of their constitutional rights "by interpreting and enforcing certain parish ordinances "in an illegal, unconstitutional, disparate and discriminatory fashion, and thereby intentionally depriving plaintiffs of their rights, values and privileges in and to their property." See, Rec. Doc. 1. Specifically, the plaintiffs maintain that from 1993 until October 31, 2006, the defendants "bush-hogged" certain vegetation on their property without their consent and written permission, as allegedly required. Moreover, it is alleged that during the same period, the property of other homeowners in the plaintiffs' community was not subjected to the same treatment. In their petition, the plaintiffs ask for: (1) a declaratory judgment that the defendants' actions of law

enforcement violated the plaintiffs' rights; (2) a permanent injunction against the bush hogging; (3) damages for the destruction of their property; and, (4) twenty million dollars ($20,000,000.00) for emotional and mental distress.

This is not the first time that these litigants have appeared in this Court. The plaintiffs have filed two previous lawsuits alleging that the defendants committed actions virtually identical to those alleged in this case. See, *Lawson v. Parish of St. Tammany*, No. 01-641, at Rec. Doc. 1 (E.D.La. March 12, 2001) and *Lawson v. Parish of St. Tammany*, No. 02-1223, at Rec. Doc. 1 (E.D.La. April 23, 2002). In Civil Action No. 01-641, the defendants partially prevailed on a Motion to Dismiss when the Court dismissed all claims against St. Tammany Parish Public Works Department. See, *Lawson v. Parish of St. Tammany*, 2001 WL 532183 (E.D.La. 5/24/2001). Then on November 8, 2001, the Court granted St. Tammany's Motion for Summary Judgment, which dismissed the remainder of the plaintiffs' claims, namely, those alleging that the defendants had bush-hogged the plaintiffs' property. See, *Lawson v. Parish of St. Tammany*, 2001 WL 1397317 (E.D.La. 11/8/ 2001). A judgment that dismissed the plaintiff's complaint was entered on November 14, 2001. See, *Lawson v. Parish of St. Tammany*, No. 01-641, at Rec. Doc. 18. Finally, the Court denied the plaintiffs' motion for relief from judgment. *Lawson v. Parish of St. Tammany*, 2002 WL 27757 (E.D. La. 1/10/2002).

After losing their first lawsuit, the plaintiffs tried again and filed *Lawson v. Parish of St. Tammany*, No. 02-1223, at Rec. Doc. 1 (E.D.La. 4/23/2002) on April 23, 2002.  The new lawsuit had virtually the same allegations as the previous one.  This time, the Court: (1) dismissed all of Meyer's claims because she lacked standing to sue; (2) dismissed all of Lawson's bush-hogging claims under the doctrine of *res judicata*; and (3) denied Lawson's Motion for a Preliminary Injunction.  *Lawson v. Parish of St. Tammany*, 2002 WL 1837870 (E.D.La. 8/6/2002).  However, in that same order, the Court allowed Lawson to amend his complaint to assert claims of damage to his driveway allegedly caused by the "bush-hogging." See, *Id.*  These claims were subsequently dismissed when the Court granted the defendants' motion for summary judgment on December 6, 2002.  See, *Lawson v. Parish of St. Tammany*, No. 02-1223, at Rec. Doc. 28 (E.D.La. 12/6/2002).  Finally, the Court entered a judgment dismissing the plaintiffs' claims on December 9, 2002.  See, See, *Lawson v. Parish of St. Tammany*, No. 02-1223, at Rec. Doc. 29 (E.D.La. 12/9/2002).

**MOTIONS TO DISMISS**[1]

**STANDARD OF REVIEW**

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *U.S. v. City of New Orleans*, 2003 WL 22208578 (E.D.La. 2003); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992). The moving party bears the burden of showing that the "plaintiff can prove no set of facts which would entitled it to relief." *Baton Rouge Bldg, & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 1384, 1386 (5th Cir. 1991). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, a district court must accept the factual allegations of the complaint as true and resolve all ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. See, *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Unless, it appears "beyond a doubt that the plaintiff can prove no set of facts in support of his claim," the complaint should not be dismissed for failure to state a claim. *Id.* at 284-85 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-456, 787 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss. See, *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (citing, *Fernandez-Montes*, 987 F.2d at 284)).

---

[1] Because the two Motions to Dismiss (Rec. Docs. 39 and 41) are nearly identical, they will be treated as one motion, unless otherwise noted.

## ANALYSIS

### RES JUDICATA

The defendants assert that the doctrine of *res judicata* should apply to the plaintiffs' claims as a result of the Court's disposition of the previous lawsuits between these parties, mandating dismissal of these claims pursuant to Rule 12(b)(6). *Res judicata* applies where: (1) the parties to both actions are identical or in privity; (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. See, *Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). Where *res judicata* applies, every matter actually litigated and every ground of recovery which might have been presented are barred. See, *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1141 (5th Cir. 1981).

The first and second lawsuits presented §§ 1983 and 1988 claims for monetary damages and declaratory and injunctive relief based on the alleged unconstitutionality of St. Tammany's alleged bush-hogging of the plaintiffs' property. In this third suit, the complaint for monetary damages and injunctive and declaratory relief advances the same claims as those covered by the Court's disposition of the plaintiffs' previous suits. Specifically, the plaintiffs contend that St. Tammany bush-hogged their property from 1993 until October 31, 2006. Although the time period extends beyond the disposition

of the first and second suits, the claims are exactly the same. The plaintiffs do not allege the existence of some new policy or directive that has arisen since the second lawsuit was dismissed. Furthermore, the Court has put the plaintiffs on notice as to the Court's understanding of the extent of St. Tammany's right of way and the limits of their private property. See, *Lawson v. Parish of St. Tammany*, No. 02-1223, at Rec. Doc. 28 (E.D.La. 12/6/2002).

The Court notes, however, that this third lawsuit is not identical to the first two in that the plaintiffs have named more defendants. As stated above, the doctrine of *res judicata* requires that the parties to both action either be identical or in privity. Lawson, Meyers and St. Tammany were parties to all the suits. Thus, the plaintiffs' claims against St. Tammany are barred by the doctrine of *res judicata*. Additionally, Hall states that he was the Assistant District Attorney ("ADA") for St. Tammany who successfully defended against the plaintiffs' last lawsuit, *Lawson v. Parish of St. Tammany*, Civil Action No. 02-1223. See, Rec. Doc. 39. Thus, he is in privity with St. Tammany and all of the plaintiffs' claims against him are dismissed. Davis is the St. Tammany Parish President, Slater is the Assistant Chief Administrative Officer for St. Tammany Parish and Gould is a St. Tammany Parish Councilman, so they are also in privity with St. Tammany and the claims against them are barred by *res judicata*.

In their petition, the plaintiffs requested that Yates, Bernard Penn and Zackery

Penn be served at 21490 Koop Drive, Mandeville, Louisiana 70471.  That is the address for the St. Tammany Parish Government. Therefore it is a logical assumption that Yates, Bernard Penn and Zackery Penn are all in privity with St. Tammany.  However, the Court needs more information as to who they are and how they are related to this suit to determine if the doctrine of *res judicata* applies to the plaintiffs' claims against them.  Thus, at this time, the Court cannot dismiss the claims against them with prejudice under the doctrine of *res judicata*.

However, the moving defendants have pointed out that this Court has determined that the plaintiffs' claims are governed by Louisiana's one year perscriptive period.  See, *Lawson v. Parish of St. Tammany*, 2001 WL 1397317 (E.D.La. 11/8/ 2001).  As a result, the plaintiffs are barred from bringing any claims against the defendants for activities that occurred prior to December 20, 2005.  Thus, any claims that the plaintiffs have made against <u>ANY</u> defendant for events prior to December 20, 2005 are **DISMISSED WITH PREJUDICE.**

Furthermore, the plaintiffs have failed to make any specific allegations against Yates, Bernard Penn and Zackery Penn, so as to state a claim under either § 1983 or § 1988.  Thus, any claims against them for actions that occurred after December 20, 2005 are **DISMISSED WITHOUT PREJUDICE.**[2]

---

[2] If Yates, Bernard Penn and Zackery Penn show that they are in privity with St. Tammany, the Court will dismiss all claims against them with prejudice under the doctrine of *res*

**S**ANCTIONS

In the Motions to Dismiss, the defendants state that this lawsuit is sanctionable because it contravenes prior judgments and is frivolous.  The Court does not read the defendants' request as a formal motion for Rule 11 sanctions. Because the defendants' Rule 11 "request" is not part of a separate motion, but rather is imbedded in the Motions to Dismiss, the Court would decline to grant it in any event.  See, Fed. R. Civ. Pro. 11(c)(1)(A); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995).

The Court, however, can impose sanctions both on its own initiative and against pro se litigants.  See, *Markwell v. County of Bexer*, 878 F.2d 899, 900 (5th Cir. 1989); *Bigsby v. Runyon*, 950 F.Supp. 761 (N.D.Miss. 1996).  All of the plaintiffs' claims that were dismissed herein have been specifically rejected by this Court on two or three previous occasions.  The Court has already informed the plaintiffs that it will not entertain any further filings based on the defendants' alleged bush-hogging of their property, except for a notice of appeal.  See, *Lawson v. Parish of St. Tammany*, 2002 WL 1837870 (E.D.La. 8/6/2002).

 The plaintiffs are instructed to refrain from filing another action with the same allegations.

---

*judicata.*

9

**KIM TONAGEL'S MOTION FOR SUMMARY JUDGMENT**

**STANDARD OF REVIEW**

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); see also, *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on

"unsubstantiated assertions" and "conclusory allegations."  See, *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73, 110 S.Ct. 3177, 3179-81, 111 L.Ed.2d 695 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

## **A**NALYSIS

In her motion for summary judgment, Tonagel states that she used to be the plaintiffs' neighbor.  She claims that her only connection to this dispute is that she was asked by Hall to give a deposition in connection with the plaintiffs' first lawsuit.  She also states that she moved away from the plaintiffs over five (5) years ago and has had no connection with them since.

The plaintiffs oppose Tonagel's motion for summary judgment by stating that she conspired with the ADA to violate their civil rights.  They do not state any dates or facts related to Tonagel.  The simple statement that she conspired with the ADA to violate their rights leads the Court to believe that the plaintiffs must be referring to something that happened in their prior lawsuits.  As mentioned above, the second lawsuit was concluded on December 9, 2002.  Thus, the plaintiffs' claims against Tonagel are prescribed.

CONCLUSION

For the reasons stated above,

IT IS ORDERED that:

(1) Hall's Motion to Dismiss (Rec. Doc. 39) is **GRANTED.** However, it is **DENIED** as to sanctions.

(2) the Motion to Dismiss filed by St. Tammany, Gould, Davis, Slater, Yates, Bernard Penn and Zackery Penn (Rec. Doc. 41) is **GRANTED**. However, it is **DENIED** as to sanctions.

(3) Tonagel's Motion for Summary Judgment (Rec. Doc. 53) is **GRANTED**.

(4) with the exception of a notice of appeal, this Court will not entertain any further filings based on the defendants' alleged bush-hogging of the plaintiffs' property from 1993 to October 31, 2006.

New Orleans, Louisiana this 30th day of April, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE