## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

MARVIN LAWSON AND                              CIVIL ACTION
LILLIAN MEYERS

VERSUS                                         NO. 06-11171

PARISH OF ST. TAMMANY,                         SECTION: "C" (2)
ET AL

### ORDER AND REASONS

Before the Court are: (1) a Motion to Dismiss Pursuant to Rules 12(b)(1) and (6),

Prescription, and Summary Judgment filed by Rodney Strain, Jr., in his official capacity as

Sheriff of St. Tammany Parish ("Strain") (Rec. Doc. 68); and (2) a Motion to Dismiss Pursuant

to Rules 12(b)(1) and (6), Prescription, and Summary Judgment filed by Cleco Power, LLC,

Charles DeLuca, Chris Cooper, and Pat Ferrer ("the Cleco Defendants") (Rec. Doc. 71). The

plaintiffs, Marvin Lawson and Lillian Meyers ("Plaintiffs") oppose the motions. The motions are

before the Court on the briefs, without oral argument. Having considered the memoranda of

counsel, the record and the applicable law, the Court finds that: (1) Strain's Motion to Dismiss is

GRANTED; (2) the Motion to Dismiss filed by the Cleco Defendants is GRANTED.

1

# I. BACKGROUND

The factual history of this case has already been described by this Court (Rec. Doc. 56). In brief, the Plaintiffs filed suit against numerous defendants asserting constitutional violations for the way in which certain parish ordinances have been enforced. Specifically, the Plaintiffs allege that the myriad defendants have "bush-hogged" vegetation on their property. The plaintiffs are seeking, *inter alia*, $20,000,000 for mental and emotional distress. On May 5, 2007, this Court granted in part motions to dismiss filed by defendants Hall, St. Tammany Parish, Gould, Davis, Slater, Yates, and Bernard and Zachary Penn.

The Court notes that the Plaintiffs have filed two previous lawsuits alleging that the defendants committed actions virtually identical to those alleged in this case. *See Lawson v. Parish of St. Tammany*, No. 01-641, at Rec. Doc. 1 (E.D.La. March 12, 2001) and *Lawson v. Parish of St. Tammany*, No. 02-1223, at Rec. Doc. 1 (E.D.La. April 23, 2002). Both previous cases were dismissed on dispositive motions. *Lawson v. Parish of St. Tammany*, 2001 WL 1397317 (E.D.La. 11/8/ 2001);  *Lawson v. Parish of St. Tammany*, 2002 WL 1837870 (E.D.La.8/6/2002).

# I. STANDARD OF REVIEW

The standard of review for a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is the same as that for a Rule 12(b)(6) motion. *U.S. v. City of New Orleans*, 2003 WL 22208578 (E.D.La. 2003); *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir.1992). In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true. *In Re Katrina Canal Breaches Litigation*, 495 F.3d

191, 205 (5th Cir. 2007). The plaintiff must plead sufficient facts to state a claim for relief that is "plausible on its face;" the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations. *Id.* Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal. *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir.2004). The Supreme Court recently ruled that a district court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief. *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5 Cir.1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5 Cir.1996) (citations omitted).

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp*., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See Hopper v. Frank*, 16 F.3d 92 (5th Cir.1994); *Lujan v. Nat'l. Wildlife Fed'n*., 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992).

Additionally, the Court notes that § 1983 claims are barred by the same statutes of limitations as would bar similar actions under state law. Here, Plaintiffs' claims are governed by Louisiana's one-year prescriptive period. *Lawson v. Parish of St. Tammany*, 2001 WL 1397317 (E.D.La. 11/8/ 2001) (citing *Jones v. Orleans Parish Sch. Bd.*, 688 F.2d 342, 344 (5th Cir. 1982)). As already decided by this Court, the Plaintiffs are barred from bringing any claims against the defendants for activities that occurred prior to December 20, 2005. *Lawson v. Parish of St. Tammany*, 2007 WL 1302647 (E.D.La. 5/2/2007).

III. ANALYSIS

*1. Claims Against the Sheriff*

In the complaint, the Plaintiffs assert a claim for "arbitrary, capricious, disparate and

inconsistent law enforcement." This Court has already ruled that "any claims that the plaintiffs have made against ANY defendant for events prior to December 20, 2005 are DISMISSED WITH PREJUDICE." *Lawson v. Parish of St. Tammany*, 2007 WL 1302647 (E.D.La. 5/2/2007). The Plaintiffs' responses to Defendant Strain's interrogatories, as well as the Plaintiffs' depositions, indicate that there were three (3) incidents involving sheriff deputies after December 20, 2005.

First, Plaintiff Lawson complained of a confrontation that occurred with a sheriff's deputy when the deputy entered the Plaintiffs' property in 2006. Second, following a confrontation with a neighbor in 2006, Plaintiff Lawson called 911 and a sheriff's deputy responded to the scene. Plaintiff Lawson claimed in his deposition that the responding deputy threatened him with physical harm. Third, Plaintiff Lawson had a confrontation with public works personnel in 2006. Plaintiff Lawson claims that the responding deputy ignored his request to file a complaint against the public works personnel.

The Fifth Circuit has held, "[a] supervisory officer cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious liability." *Hampton v. Oktibbeha County Sheriff Dept.*, 480 F.3d 358, 365 (5th Cir. 2007) (quoting *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam)). Taking the Plaintiffs' allegations against the sheriff's department as true, the incidents involved deputies, not the named defendant, "Rodney Strain, Jr, in his official capacity as sheriff of St. Tammany Parish." Indeed, the Plaintiffs have not alleged that Sheriff Strain was engaged in any of the confrontations that the Plaintiffs had with the Sheriff's department in 2006. Thus, the Plaintiffs cannot prove a plausible set of facts in support of their claim against the Sheriff which would entitled them to relief under § 1983. *Hampton,*

5

480 F.3d at 365. Accordingly, the Sheriff's motion to dismiss must be granted under *Twombly*.


### 2. Claims Against the Cleco Defendants

"A successful claim under § 1983 requires a showing of two elements: (1) deprivation of a right, privilege or immunity secured by the federal laws or Constitution (2) by one acting under color of state law." *Mississippi Women's Medical Clinic v. McMillan,* 866 F.2d 788, 791 (5th Cir. 1989) (citing *Flagg Brothers v. Brooks*, 436 U.S. 149, 155 (1978)). "To recover under § 1983 for a constitutional tort in violation of the Fourteenth Amendment, the plaintiff must establish an injury resulting from unconstitutional 'state action.'" RICHARD H. FALLON, JR. ET AL., HART AND WECHSLER'S THE FEDERAL COURTS AND THE FEDERAL SYSTEM p. 1080 (5th Ed. 2003). In this case, the Plaintiffs do not allege that any of the Cleco Defendants are state actors. Indeed, the Cleco Defendants' assertion that Cleco is a private company is undisputed. Furthermore, Cleco's status as a utility company is insufficient to support a § 1983 claim, as the Supreme Court has found that the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350 (1974) (finding that neither a utility's monopoly status, its provision of essential public services, its public interest, nor its tariff regulations transform a privately owned utility into a state actor.). Because these defendants are not state actors, the Plaintiffs cannot prove an essential element of their claims under 42 U.S.C. § 1983. *Mississippi Women's Med. Clinic*, 866 F.2d at 791. Accordingly, the Cleco Defendants are entitled to judgment on the Plaintiffs' claims as a matter of law.

IV. CONCLUSION

Accordingly,

IT IS ORDERED that Sheriff Strain's motion to dismiss pursuant to Rule 12(b)(1) and (6), prescription, and summary judgment is **GRANTED**. (Rec. Doc. 68).

IT IS FURTHER ORDERED that the Cleco Defendants' motion to dismiss pursuant to Rule 12(b)(1) and (6), prescription, and summary judgment is **GRANTED**. (Rec. Doc. 71).

New Orleans, Louisiana, this 3rd day of January, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE